UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| LARRY W. TREGO, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:08-CV-326 |
| | ) | | (VARLAN/SHIRLEY) |
| UNITED STATES DEPARTMENT | ) | | |
| OF LABOR, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

This civil action is before the Court on Plaintiff Larry W. Trego's Motion for Judgment [Doc. 19]. Defendant United States Department of Labor (the "Labor Department") has filed a Brief in Opposition to Plaintiff's Motion for Judgment [Doc. 21]. The motion is now ripe for this Court's consideration.

I.  **Factual Background**

Mr. Trego was employed by Lockheed Martin Energy Systems ("Lockheed Martin") under a contract with the Department of Energy in Oak Ridge, Tennessee until he was laid off on January 31, 1997 [Doc. 12, ¶ 1; Doc. 13, ¶ 1]. Mr. Trego was diagnosed with chronic obstructive pulmonary disease (COPD), and was awarded compensation under the Energy Employees Occupational Illness Compensation Program Act (the "Act"), codified at 42 U.S.C. §§ 7384 *et seq*. [Doc. 12, ¶ 2; Doc. 13, ¶ 2]. Mr. Trego filed a Complaint in this case on August 19, 2008, alleging that his exposure to contaminants while he was employed by

Lockheed Martin, which resulted in his contracting COPD, also "resulted in his inability to work in the areas in which he would otherwise be employable" [Doc. 1, ¶¶ 2, 3]. He filed an Amended Complaint [Doc. 12] on April 10, 2009. The Labor Department filed an Answer to Plaintiff's Amended Complaint [Doc. 13] on April 24, 2009.

## II.  Procedural Background

Mr. Trego alleges that he began to experience chronic bronchitis some time before he was laid off by Lockheed Martin [Doc. 20; AR, 73].[1] He further alleges that he was diagnosed with COPD in 2004 by Dr. Gregory LeMense [Doc. 20]. Mr. Trego filed a claim for benefits under the Act on December 8, 2004 [AR, 603-08]. Mr. Trego filed an additional request for wage-loss benefits under Part E of the Act on August 28, 2006 [*Id.*, 391]. The Labor Department's Final Adjudication Board (the "FAB") issued a Notice of Final Decision with respect to Mr. Trego's claim for benefits on October 6, 2006, in which it determined that Mr. Trego had contracted COPD as a result of his exposure to toxic substances at a Department of Energy facility, and awarded him medical benefits for that illness under Part E of the Act [*Id.*, 359-61]. The FAB denied Mr. Trego's request for wage-loss benefits in its Notice of Final Decision issued on February 12, 2009 [*Id.*, 1-10].

Mr. Trego filed his motion for judgment [Doc. 19] and accompanying Brief in Support of Motion for Judgment [Doc. 20] on June 29, 2009. In his brief, Mr. Trego argues that the

---

[1] All references to "AR" are to the administrative record in this case.

Labor Department's denial of his request for wage-loss benefits on February 12, 2009 was arbitrary and capricious in that it:

    (1)    Fails to properly weigh the evidence;

    (2)    Overlooks substantial evidence in support of Mr. Trego's case; and

    (3)    Arbitrarily requires Mr. Trego to negate a presumption of non-eligibility for benefits, rather than impartially weighing the evidence to determine whether it is more likely than not that Mr. Trego suffered a loss of wages as a result of his COPD.

[Doc. 19]. The Labor Department filed a response in opposition to this motion, arguing that the Labor Department's denial of Mr. Trego's wage-loss claim was not arbitrary and capricious, and was instead a reasoned conclusion based on relevant factors, which was firmly supported by the evidence as a whole, and which articulated a rational connection between the facts found and the decision made [Doc. 21].

The Court has carefully considered Mr. Trego's motion, his brief in support of that motion, the brief in opposition to that motion, and the underlying record. For the reasons that follow, Mr. Trego's motion will be denied.

### III. Standard of Review

42 U.S.C. § 7385s-6(a) provides that "[a] person adversely affected or aggrieved by a final decision . . . under . . . [P]art [E] may review that order in the United States district court in the district in which the injury was sustained . . . ." § 7385s-6(a) further provides that the district court "shall have jurisdiction over the proceeding and shall have the power to affirm, modify, or set aside, in whole or in part, such decision." The district court "may

3

modify or set aside such decision," however, "only if the court determines that such decision was arbitrary and capricious." *Id.*

The arbitrary and capricious standard "is the least demanding review of an administrative action." *Coal. for Gov't Procurement v. Fed. Prison Indus.*, 365 F.3d 435, 475 (6th Cir. 2004). "It requires the party challenging the agency's action to 'show that the action had no rational basis or that it involved a clear and prejudicial violation of applicable statutes or regulations.'" *Id.* at 475 (quoting *McDonald Welding v. Webb*, 829 F.2d 593, 595 (6th Cir. 1987)). "If there is any evidence to support the agency's decision, the agency's determination is not arbitrary or capricious." *Coal. for Gov't Procurement*, 365 F.3d at 475-76.

**IV.    Analysis**

42 U.S.C. § 7385s-1 provides that a "covered DOE contractor employee shall receive contractor employee compensation under [Part E] in accordance with" 42 U.S.C. § 7385s-2. § 7385s-2(a)(2) provides the schedule by which the Labor Department makes the wage-loss calculation for "covered employees" under § 7385s-1. In its decision on October 6, 2006, the FAB determined that Mr. Trego was a "covered employee" under § 7385s-1 [AR, 359-61]. The FAB declined to make a determination on Mr. Trego's claim for wage loss under the Act at that time, however [*Id.*, 361]. On February 12, 2009, as noted, the FAB denied Mr. Trego's request for wage-loss benefits [*Id*, 1-10].

4

In order to obtain wage-loss compensation under the Act, a claimant must submit "rationalized medical evidence of sufficient probative value to establish that the period of wage-loss at issue is causally related to the covered Part E employee's covered illness." 20 C.F.R. § 30.805(b). In support of its determination that Mr. Trego was not entitled to wage-loss compensation under the Act, the FAB found that Mr. Trego was terminated by Lockheed Martin on January 31, 1997 as part of a reduction in force [AR, 5]. The FAB found that, following his termination, Mr. Trego was not employed for the balance of 1997, nor was he employed from 1998 through his April 30, 2008 hearing date before the FAB [*Id.*]. The FAB further found that Mr. Trego was first diagnosed with COPD by Dr. LeMense in a February 26, 2004 report [*Id.*, 7]. The FAB also relied upon the September 11, 2007 report requested by the Labor Department's district office and prepared by the District Medical Consultant, which concluded that, "within a reasonable degree of medical certainty . . . there is not sufficient rationalized medical evidence in the file to establish that Mr. Trego was unable to work due to his covered illness of COPD for any of the years from 1997 to present" [*Id.*]. Based upon these factual findings, the FAB concluded that Mr. Trego "failed to prove that his wage-loss in January 1997 was caused by his covered illness," and denied his claim [*Id.*].

Mr. Trego first argues that the FAB's determination was arbitrary and capricious because it overlooks evidence that Mr. Trego's illness began before the February 26, 2004 diagnosis [Doc. 20]. In support of this argument, Mr. Trego points to language in Dr. LeMense's report indicating that Mr. Trego "has obstructive lung disease that has developed since the early 1990's" [AR, 75]. Mr. Trego also points to a February 24, 2007 report

5

prepared at the Labor Department's request that Mr. Trego asserts "took no issue" with a diagnosis that Mr. Trego "suffered from chronic bronchitis caused by [Mr. Trego's] toxic exposures while working at the Department of Energy facilities for the 10 years prior to" that diagnosis [Doc. 20; AR, 76].

This argument is unavailing. Even assuming that Mr. Trego's COPD began in the early 1990s, there is no evidence of any causal connection between that illness and the wage-loss that Mr. Trego suffered in January 1997. To the contrary, Mr. Trego freely admits that "he was not laid off because of his [COPD]" [Doc. 20]. Mr. Trego was instead laid off pursuant to a reduction in force occasioned "as a result of declining Department of Energy budgets and changing program emphasis for FY 1997" [AR, 214]. Mr. Trego's first argument fails for this reason.

Mr. Trego next argues that the FAB's determination was arbitrary and capricious because it arbitrarily required that he negate a presumption of non-eligibility for benefits, rather than impartially weighing the evidence to determine whether it was more likely than not that Mr. Trego suffered a loss of wages as a result of his COPD [Doc. 20]. In support of this argument, Mr. Trego points to 20 C.F.R. § 30.800, which compensates a "covered employee" for "[y]ears of wage-loss occurring prior to normal retirement age that are the result of a covered illness . . . through work-related exposure to a toxic substance at a Department of Energy facility" [Doc. 20].

6

Mr. Trego contends that, in order to obtain wage-loss compensation under the Act, a claimant need only demonstrate a causal connection between his illness and his wage loss, not between his illness and his loss of employment. Mr. Trego argues that, by finding that he failed to prove that he would have continued to earn wages in January 1997 from his employment with Lockheed Martin had he not contracted COPD in January 1997, the FAB arbitrarily held him to the latter standard rather than to the former. Mr. Trego argues, in effect, that he was unable to secure employment because of his COPD after being laid off from Lockheed Martin, and that this inability to secure employment entitles him to compensation for wages he could have earned had he not contracted COPD and subsequently been prevented from securing employment.

This argument has no basis in the text or purpose of the Act. It fails by the plain requirements of Part E and by Mr. Trego's own admissions. For a claimant to recover under Part E, he must first demonstrate that he held a job at which he was earning wages [AR, 7]. Mr. Trego satisfied this condition [*Id.*, 8]. The claimant must next demonstrate that he experienced a loss in those wages during a particular month [*Id.*, 7]. Mr. Trego also satisfied this condition [*Id.*, 8]. Critically, a claimant must then demonstrate that he suffered wage-loss in that month as a result of his covered illness, *i.e.*, that he "would have continued to earn wages in that month from that job but for the covered illness" [*Id.*, 7]. There is substantial evidence that Mr. Trego suffered wage-loss in January 1997, the "trigger month,"

not because of his covered illness, but because he was laid off as part of a reduction in force [*Id.*, 9]. Mr. Trego's second argument fails for this reason.[2]

Finally, Mr. Trego argues that the FAB's determination was arbitrary and capricious because the Act permits wage-loss compensation for a person who finds employment on a tiered scale [Doc. 20]. Mr. Trego asserts that, even if he were able to work after being laid off from Lockheed Martin, "it is unlikely that he would have been able to obtain a job making more than 75 percent of his average annual wage" [*Id.*]. He argues further that "it is more likely that [he] would have only been able to find a job making minimum wage at a retail establishment or something similar" [*Id.*]. Mr. Trego appears to conclude that these conjectures as to his employability entitle him to a vocational analysis conducted by the FAB [*Id.*].

As the Labor Department correctly points out, however, the burden of proving entitlement to compensation under Part E rests squarely with the claimant. 20 C.F.R. § 30.111. Part E does not require the FAB to prove, or even examine, the extent of any

---

[2] The Court notes that, by his second argument, Mr. Trego attempts to transform a statute that compensates workers for a loss of actual wages into a statute that compensates those same workers for a loss in capacity to earn potential wages. This attempt at transformation must fail. The plain language of the statute speaks in terms of actual wages, not earning capacity. *See* 42 U.S.C. § 7385s-2(a)(2)(A) (calculating compensation by reference to the "average annual wage of the employee for the 36-month period immediately preceding the calendar month" "during which the employee first experienced wage loss as a result of any covered illness . . . ."). Mr. Trego can point to no case, or bit of legislative history, to support his argument that the Act was intended to compensate workers for a loss in earning capacity. To the contrary, as the Labor Department points out, when Congress has intended to enact such compensation schemes, it has done so explicitly [*see* Doc. 21 (distinguishing between compensation determination of the Federal Employees' Compensation Act and the Longshore Harbor Workers' Compensation Act, which do consider an employee's wage-earning capacity, and the Act at issue in this case, which does not)].

reduction in Mr. Trego's wage-earning capacity suffered as a result of his COPD. As already discussed, Part E contemplates reductions in actual wages, not reductions in earning potential. The burden rests upon Mr. Trego to demonstrate that his COPD resulted in a reduction in his actual wages. Mr. Trego's speculative estimates of his post-termination earning potential, which are irrelevant to the question of whether his COPD resulted in a reduction in his actual wages, do not meet this burden. Mr. Trego's third argument fails for this reason.

The Labor Department's denial of Mr. Trego's claim for wage-loss compensation under Part E was not arbitrary and capricious. Contrary to Mr. Trego's assertions, the Labor Department properly weighed the evidence in the case, and did not overlook substantial evidence in support of Mr. Trego's case. Accordingly, Mr. Trego's motion for judgment will be denied. Judgment will be entered for the Labor Department.

## V. Conclusion

Mr. Trego's Motion for Judgment [Doc. 19] is hereby **DENIED**. An order reflecting this opinion will be entered.

IT IS SO ORDERED.

                s/ Thomas A. Varlan
                UNITED STATES DISTRICT JUDGE